

___FILED ___RECEIVED
___ENTERED ___SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 1 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LORRAINE RIDDIOUGH,<br>    a.k.a. Lorraine Ann Mader,<br><br>Defendant. | 2:15-CR-018-APG-VCF<br>2:18-CR-121-APG-VCF<br>2:18-CR-122-APG-VCF<br>2:18-CR-123-APG-VCF<br><br>**Amended Preliminary Order of Forfeiture** |

This Court finds that Lorraine Riddiough, a.k.a. Lorraine Ann Mader, pled guilty to the following:

As to the Criminal Indictment in *United States of America v. Jason Demko et al*, Case No. 2:15-CR-018-APG-VCF (*Demko*), Counts One, Two, and Five of a Six-Count Criminal Indictment charging her in Count One with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349 and in Counts Two and Five with wire fraud in violation of 18 U.S.C. § 1343. Criminal Indictment, ECF No. 26; Plea Agreement, ECF No. 165; Change of Plea, ECF No. 169;

As to the Criminal Information in *United States of America v. Lorraine Riddiough*, Case No. 2:18-CR-121-APG-VCF (Criminal Information related to *United States of America v. Michael Jones et al*, Case No. 2:15-CR-174-KJD-PAL) (*Jones*), Count One of a One-Count Criminal Information charging her with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349. Criminal Information, ECF No. 3; Plea Agreement, ECF No. 5; Arraignment and Plea, ECF No. 10;

///

As to the Criminal Information in *United States of America v. Lorraine Riddiough*, Case No. 2:18-CR-122-APG-VCF (Criminal Information related to *United States of America v. Charlene Scott*, Case No. 2:15-CR-193-KJD-PAL) (*Scott*), Count One of a One-Count Criminal Information charging her with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349. Criminal Information, ECF No. 3; Plea Agreement, ECF No. 6; Arraignment and Plea, ECF No. 10; and

As to the Criminal Information in *United States of America v. Lorraine Riddiough*, Case No. 2:18-CR-123-APG-VCF (*Riddiough*), Counts One through Three of a Three-Count Criminal Information charging her in Count One with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349; in Count Two with health care fraud in violation of 18 U.S.C. § 1347; and in Count Three with theft of government property in violation of 18 U.S.C. § 641. Criminal Information, ECF No. 3; Plea Agreement, ECF No. 5; Arraignment and Plea, ECF No. 10.

This Court finds Lorraine Riddiough, a.k.a. Lorraine Ann Mader, agreed to the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgment set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment (*Demko*), the Criminal Information (*Jones*), the Criminal Information (*Scott*), and the Criminal Information (*Riddiough*). Criminal Indictment (*Demko*), ECF No. 26; Plea Agreement (*Demko*), ECF No. 165; Change of Plea (*Demko*), ECF No. 169; Criminal Information (*Jones*), ECF No. 3; Plea Agreement (*Jones*), ECF No. 5; Arraignment and Plea (*Jones*), ECF No. 10; Criminal Information (*Scott*), ECF No. 3; Plea Agreement (*Scott*), ECF No. 6; Arraignment and Plea (*Scott*), ECF No. 10; Criminal Information (*Riddiough*), ECF No. 3; Plea Agreement (*Riddiough*), ECF No. 5; Arraignment and Plea (*Riddiough*), ECF No. 10.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment (*Demko*), the Criminal Information (*Jones*), the Criminal Information (*Scott*), and the Criminal Information

2

(*Riddiough*) and the offenses to which Lorraine Riddiough, a.k.a. Lorraine Ann Mader, pled guilty.

The following property and money judgment are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1343, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1349, conspiracy to commit such offenses; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 641, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(D), or a conspiracy to commit such offense; (3) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1347, involving a Federal health care offense as defined in 18 U.S.C. § 24, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(F), or a conspiracy to commit such offense; (4) property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of 18 U.S.C. § 1347, a Federal health care offense as defined in 18 U.S.C. § 24; and (5) any real or personal property constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. §§ 1341 and 1343, or of 18 U.S.C. § 1349, conspiracy to commit such offenses, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(7); 18 U.S.C. § 982(a)(8)(B); and 21 U.S.C. § 853(p):

The property listed in the Superseding Indictment (ECF No. 38) *(Jones)*, namely:

1. $50,018.53; and
2. $8,252.04

(all of which constitutes property)

and a total in personam criminal forfeiture money judgment of $453,145.30, divided among the consolidated indictment and informations as follows:

1. $96,905 in *Demko*, not to be held jointly and severally liable with any codefendants, with the total amount collected in that matter not to exceed $398,122;

///

2. $55,149 in *Jones*, not to be held jointly and severally liable with any codefendants, with the total amount collected in that matter not to exceed $3,574,992.35, and that the property will be applied toward the $3,574,992.35 amount, not the defendant's $55,149 amount;

3. $157,645 in *Scott*, not to be held jointly and severally liable with any codefendants, with the total amount collected in that matter not to exceed $7,934,095.32;

4. $134,525 in *Riddiough*, as to Count One, not to be held jointly and severally liable with any Count One codefendants, with the total amount collected in the matter as to Count One not to exceed $2,075,157.82, and;

5. $8,921.30 in *Riddiough*, as to Counts Two and Three, not to be held jointly and severally liable with any codefendants.

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

The in personam criminal forfeiture money judgment complies with *Honeycutt v. United States*, ___U.S.___, 137 S. Ct. 1626 (2017).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States recover from Lorraine Riddiough, a.k.a. Lorraine Ann Mader, an in personam criminal forfeiture money judgment of $453,145.30.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Lorraine Riddiough, a.k.a. Lorraine Ann Mader, in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21, U.S.C. § 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21, U.S.C. § 853(n)(3) and 28, U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

>  Daniel D. Hollingsworth
>  Assistant United States Attorney
>  501 Las Vegas Boulevard South, Suite 1100
>  Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by

///

the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this 28 day of February, 2019.

HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on **DATE**, 2019:

                                       /s/ Heidi L. Skillin
                                       HEIDI L. SKILLIN
                                       FSA Contractor Paralegal